IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cr-65-ECM |
| | ) | |
| JAMES PATRICK ODLE | ) | |

## MEMORANDUM OPINION and ORDER

Now pending before the Court is Defendant James Patrick Odle's ("Odle") motion for early termination of supervised release. (Doc. 3).   Upon consideration of the motion, and for the following reasons, the motion is due to be denied.

## BACKGROUND

On August 11, 2006, Odle pleaded guilty to one count of distribution of child pornography and one count of possession of child pornography in the United States District Court for the Middle District of Florida.   On November 16, 2006, Odle was sentenced to 180 months' imprisonment and a lifetime term of supervised release.   Odle began serving his term of supervised release on January 6, 2021.   Jurisdiction over Odle's supervision was transferred to this Court on October 31, 2022.   To date, he has served slightly more than five years of his supervised release term.

In support of his request for early termination, Odle asserts that he has fully complied with the terms of supervision; he completed sex offender treatment with Dr. Kale Kirkland, who opines that Odle is not liking to reoffend; and he lives with his parents in a rural area and spends his days working on his parents' property.   Odle's supervising United States Probation Officer supports the request for early termination, and the

Government has no objection.

## DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after completion of one year thereof if the Court determines that early termination is warranted by the defendant's conduct and is in the interest of justice. *See United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017).   In making this determination, the Court must consider certain sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.*   These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a) and 3583(e)(1); *Johnson*, 877 F.3d at 996 n.7.   The Court now turns to the sentencing factors to determine whether early termination is warranted by Odle's conduct and is in the interest of justice. *See* 18 U.S.C. § 3583(e)(1).

After careful consideration, and considering the totality of the circumstances, the Court finds that early termination is not appropriate at this time.   While the Court appreciates the fact that Odle has complied with the conditions imposed on him, the Court finds that Odle's compliance is the minimum expectation and is not an adequate, independent basis for early termination of supervised release.   And while Odle appears to have conducted himself lawfully over the last five years, he has done so while under supervision.   Considering the nature and circumstances of his offense, coupled with the need to protect the public and the need for deterrence, the interest of justice counsels in

2

favor of Odle remaining under supervision. Odle's offense conduct involving both possession and distribution of child pornography was very serious. The minor children depicted in the photographs and videos were victimized by the individuals who recorded them, re-victimized by Odle when he possessed the images, and re-victimized yet again when Odle distributed them to others. Odle possessed over 5,000 images. Additionally, the descriptions of the photographs and videos in the presentence investigation report are extremely disturbing and reflect that Odle possessed and/or distributed images depicting sexual violence against minor children, including toddlers and infants. Moreover, Odle's terms of supervision include restrictions on computer use, the mechanism by which he committed the underlying offenses, and early termination would remove these restrictions. For these reasons, continued supervision is necessary to deter Odle and others from illegal conduct and to protect the public, especially minor children, from illegal conduct.

The Court does not foreclose the possibility that early termination may be appropriate at a later date. However, at this stage, Odle has failed to show that the interest of justice warrants early termination of his supervision. For these reasons, the Court concludes that Odle's motion for early termination is due to be denied.

## CONCLUSION

Accordingly, for the reasons stated, it is

ORDERED that Odle's motion for early termination of supervised release (doc. 3) is DENIED.

DONE this 4th day of March, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE